STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, vs. DUEL, Commissioner of Insurance, Respondent. [Two cases.]

*May 15—June 15, 1945.*

*Herbert H. Naujoks* of Chicago, Illinois, and *Robert M. Rieser* of Madison, for the appellant.

The *Attorney General* and *Harold H. Persons,* assistant attorney general, for the respondent.

FOWLER, J.   The plaintiff moves to reopen the judgment rendered herein and present a point not presented to or considered by the court when the case was argued.   The judgment was entered January 18, 1944, and affirmed the judgment of the circuit court.   The circumstances under which the motion is made are as next stated.

After we decided the case but before it came up for hearing in the supreme court of the United States that court in *United States v. South-Eastern Underwriters Asso.* 322 U. S. 533, 64 Sup. Ct. 1162, 88 L. Ed. 1440, decided that the fire insurance business is commerce within the meaning of the commerce clause of the United States constitution, sec. 8, art. I, and the Sherman Act of the congress, 15 USCA, secs. 1, 2.

The point involved in the case is whether sec. 201.18, Wis. Stats., contravenes the constitution of the United States.   The points presented were that the statute contravenes the contract clause and the due-process clause of the Fourteenth amendment of that constitution.   We decided that it does not and our judgment declares the statute valid.   Our opinion is reported in 244 Wis. 429, 12 N. W. (2d) 696.   The plaintiff appealed to the supreme court of the United States.

On the appeal the appellant sought to raise the question that sec. 201.18, Wis. Stats., violates the commerce clause and the Sherman Act.   The court, while affirming our position on the constitutional questions raised before us, declined to consider the additional question because we had not considered it.   Customarily in such situation the supreme court of the United States vacates the judgment of the trial court and remands the case for reconsideration.   The court did not do this in the instant case because it was advised that two cases

were pending in the Wisconsin courts in which the question the plaintiff asked it to consider could be raised and because it considered that under sec. 269.44, this court could decide the question in the instant cases after it was remanded. It therefore affirmed our judgment and remanded the case for further proceedings not inconsistent with their opinion. *State Farm Mut. Ins. Co. v. Duel,* 324 U. S. 154, 65 Sup. Ct. 573, 89 L. Ed. 000.

Sec. 269.44, Wis. Stats., is under title XXV (see Table of Contents, p. 14, Stats.), entitled "Procedure in Civil Actions." It regulates practice in the circuit courts and the other trial courts created by the legislature that the legislature has made the circuit court practice applicable to. It refers only to amendments of pleadings made by the circuit and other trial courts and to the power of these courts to amend the pleadings while cases are pending therein and in the few instances in which the trial court still has power to act notwithstanding it has entered judgment. In the Wisconsin Annotations to the statutes, sixty-nine decisions are cited in which sec. 269.44 has been considered. In none of them has the statute been applied to supreme court practice. In *Bassett v. Chicago & N. W. R. Co.* 168 Wis. 617, 171 N. W. 749, 752, it was held that this court had no jurisdiction in appeal cases sixty days from entry of its judgment, in order to consider a question arising under the United States constitution not presented to it on argument of the case. The opinion of the supreme court of the United States in the instant case conferred no power upon us. Had the supreme court of the United States vacated our judgment we would have power to grant the instant motion, as the case would then be before us without any judgment to bar action by us, and we would not be averse to granting an immediate hearing of the constitutional point the plaintiff desires to raise, and if opportunity did not exist for its presentation in the two other cases referred to in the opinion of the supreme court of the United States we would keenly

regret our want of power to grant relief in the instant case. However, there are two cases pending in circuit court which may be made ready for presentation of the point to us at the first assignment of the August, 1945, term, if counsel desire, and the short delay will work no perceivable injustice.

*By the Court.*—The motion is denied without costs of motion to plaintiff.